IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B & B MICROSCOPES, LTD., a Pennsylvania corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) |
| | ) Civil Action No. 06-492 |
| LUIGI ARMOGIDA, an Ohio resident, | ) ) ) ) ) ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION AND ORDER

Plaintiff B&B Microscopes, Ltd. ("B&B") is a Pennsylvania corporation engaged in sales, service and consulting in connection with microscopes, imaging equipment, and microscope and imaging related software. Defendant Luigi Armogida ("Armogida") was employed by B&B as a sales representative and imaging specialist from June 15, 1998 through March 20, 2006. The employment relationship fell apart in connection with the creation and development of the KPICS Sperm Finder System ("the KPICS System").

1

The KPICS System, which was designed for use by forensic labs, allows for the automatic detection and identification of the presence of sperm in a sample placed under a microscope. On January 19, 2006, Armogida filed a United States Provisional Patent Application No. 60/760,163 ("the '163 Application"). Armogida contends that he is the sole inventor and thus owner of the KPICS System. Before me is Armogida's Motion for Partial Summary Judgment Regarding the Ownership of the KPICS System. (Docket No. 75). B&B counters that it owns the KPICS System.

After careful consideration, Armogida's Motion for Partial Summary Judgment (Docket No. 75) is denied. Similarly, B&B's Cross Partial Motion for Summary Judgment is denied.[1]  Disputed issues of material fact exist which preclude resolution of the issue of ownership of the KPICS System at this juncture.[2]

For instance, genuine issues of material fact exist concerning whether or not

---

[1] B&B's Cross Motion for Partial Summary Judgment simply demands the reverse of Armogida's - that is, a declaration that Armogida is not the sole owner of the KPICS System.

[2] Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

Armogida is the sole "inventor" of the KPICS System. B&B proffers evidence that Dale Laux, an employee of the Ohio Bureau of Criminal Investigation, first conceived of the concept of an automated sperm finder system. Additionally, B&B has provided evidence that Andre Domino of B&B mentioned the concept to Armogida prior to any development of the system, and explained to Armogida the basic components of the system. See Docket No. 81, paragraphs 7, 8, and 11. These facts weigh against Armogida's claim of sole inventorship.

Additionally, even were I to accept the notion that Armogida is the sole "inventor" of the KPICS System, inventorship is a concept distinct from ownership. See Sim Kar Lighting Fixture Co. v. Genlyte, Inc., 966 F. Supp. 967, 972 (D. N.J. 1995) (applying Pennsylvania law). The KPICS System was developed in an employment context. Consequently, resolution of the issue of "ownership" requires me to consider whether Armogida's employment contract obligated him to assign the KPICS System to B&B and, if not, whether Armogida was specifically hired to exercise his "inventive faculties." See University Patents, Inc. v. Kligman, 762 F. Supp. 1212, 1219-1220 (E.D. Pa. 1991), citing, Aetna-Standard Engineering Co. v. Rowland, 343 Pa. Super. 64, 493 A.2d 1375 (1985) and Standard Parts Co. v. Peck, 264 U.S. 52, 44 S. Ct. 239 (1924).[3] An express or implied assignment would transfer ownership interest to B&B.

I have reviewed Armogida's employment contract and find that it does not contain an express assignment clause. Specifically, I reject B&B's argument that

---

[3] Where an employer does not have ownership interest in an invention, it may nevertheless have a non-exclusive and non-transferable royalty-free license ("shop-right") to use the employer's patented invention. Sim Kar Lighting Fixture Co. v. Gelyte Inc., 906 F. Supp. 967 (D. N. J. 1995). The issue of shop right is not before me at this juncture.

3

Paragraphs 4, 5 or 8 of the Employment Agreement obligated Armogida to convey any ownership interest to B&B which he had in the KPICS System. None of those Paragraphs make any mention of inventions, patents or assignments of ownership. Rather, the Paragraphs address self-dealing, the use of proprietary information and the return of B&B property at the cessation of employment.

Turning to a consideration of whether Armogida was specifically hired to exercise his "inventive faculties," genuine issues of material fact exist which preclude the entry of summary judgment. Certainly Armogida was hired years before the KPICS System was developed. Yet, he held himself out to B&B and others as an imaging specialist, and one who created custom imaging solutions for B&B's customers. A finder of fact may conclude that this meant Armogida was hired to use his inventive faculties. Further, there is evidence that he was directed by B&B to create a solution for the Ohio Crime Lab which resulted in the KPICS System. Thus, one could conclude that Armogida was specifically asked to design the KPICS System and that the salary he received was compensation for such invention. Additionally, there is evidence that he was paid additional compensation, which he accepted, for the KPICS System.[4] Moreover, there is ample evidence in the record indicating that Armogida represented to third parties that B&B owned the KPICS System. See Docket No. 82-13, 82-21, 82-22. As such, the entry of summary judgment is premature.

Therefore, this **13th** day of December, 2006, after careful consideration and

---

[4] I speak here of the invention award. I am not persuaded, at this juncture, that a mere commission constitutes payment for inventive abilities. Traditionally, commissions are based upon sales. Presumably, Armogida would have been paid the commission for the sale regardless of whether he or someone else actually invented the KPICS System.

for the reasons set forth within, it is Ordered that the Partial Motions for Summary Judgment (Docket Nos. 75 and 88) are denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge